**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | : | Case No. 2:23-cv-3181 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JOHN DOE subscriber assigned IP | : | |
| Address 24.208.129.89, | : | |
| | : | |
| Defendant. | : | |

**ORDER:**
**(1)  GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-**
**PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE; AND**
**(2)  ISSUING A PROTECTIVE ORDER**

This civil case is before the Court on Plaintiff's motion for leave to serve a third-

party subpoena prior to the Rule 26(f) conference.  (Doc. 6).

Generally, a party "may not seek discovery from any source before the parties

have conferred as required by Rule 26(f)," but the Federal Rules allow early discovery

"when authorized . . . by court order."  Fed. R. Civ. P. 26(d)(1).  Courts within the Sixth

Circuit require a showing of good cause in order to authorize expedited discovery.

*Malibu Media, LLC v. Doe*, No. 2:15-CV-1202, 2015 WL 12732859, at *1 (S.D. Ohio

Apr. 13, 2015) (citation omitted).  Good cause may be found based upon "(1) allegations

of copyright infringement, (2) the danger that the ISP will not preserve the information

sought, (3) the narrow scope of the information sought, and (4) the conclusion that

expedited discovery would substantially contribute to moving the case forward."  *Id.* at

*1 (citations omitted).

Having reviewed the complaint, the instant motion, and the accompanying memorandum of points and authorities, the Court finds that Plaintiff has demonstrated good cause for early discovery.  Plaintiff has alleged a claim for direct copyright infringement and has narrowly tailored the discovery it seeks to identifying the alleged infringer.  Moreover, the information sought is necessary to prosecute Plaintiff's claim and is otherwise unavailable.

Accordingly, Plaintiff's motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference is **GRANTED**, subject to the following:

1.      Plaintiff may serve a Rule 45 subpoena on the Internet Service Provider ("ISP") associated with the identified IP address, to obtain information to identify Defendant's full name and residential address.  Plaintiff is not permitted to seek or obtain Defendant's email address(es) or telephone number(s).  Plaintiff may use the information disclosed in response to a Rule 45 subpoena served on the ISP only for the limited purpose of protecting and enforcing its rights as alleged in the Complaint.

2.      The return date for the subpoena shall be **no earlier than sixty (60) days** from the date of service, and the ISP shall not produce any responsive information to Plaintiff before the return date of the subpoena.  Plaintiff shall attach a copy of this Order to the subpoena.

3.      **Within fourteen (14) days of receipt of the subpoena**, the ISP shall reasonably attempt to identify the subject John Doe subscriber and give said subscriber written notice of the subpoena, which may include e-mail notice.  The ISP's notice to John Doe subscriber shall include a copy of the subpoena and this Order.

4.      Any party seeking to move to quash the subpoena should do so **no later than twenty-eight (28) days** after the date on which the ISP gives written notice to John Doe subscriber.  In the event a motion to quash is filed, Plaintiff's counsel shall immediately serve a copy of the motion to the ISP.  Plaintiff's counsel shall further instruct the ISP that, pursuant to this Order, the ISP shall preserve any subpoenaed information, pending the resolution of the motion to quash.

5.      Further, considering the sensitive and personal nature of Plaintiff's allegations, the risk of false positives when identifying ISP subscribers, and the public's common law right of access to court proceedings, the Court finds that permitting Defendant to proceed anonymously for a limited time is reasonable.  *See e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 19-10720, 2019 WL 2523591, at *1 (E.D. Mich. June 19, 2019).  Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), the Court issues a protective order.  Defendant may proceed anonymously until discovery suggests that they are the individual connected to the IP address in Strike 3's non-party subpoena.[1] Parties may move to modify this protective order at any time.

**IT IS SO ORDERED.**

Date:    10/24/2023                          s/Timothy S. Black
                                             Timothy S. Black
                                             United States District Judge

---

[1] To ensure anonymity consistent with this Order, Defendant shall be identified on the public docket and in any public filings as "John Doe," with no further identifying or contact information.  However, if Defendant submits any documents for filing *pro se*, such documents shall be submitted to the Clerk's Office containing Defendant's full name and contact information.  The Court will file a redacted copy on the public docket and further file an unredacted copy UNDER SEAL.